JOHN LAUCH, BY FREDERICK LAUCH, HIS NEXT FRIEND, AND FREDERICK LAUCH, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS, v. JAMES J. KEATING AND HARRY KEATING, DEFENDANTS-APPELLANTS.

Decided February 16, 1926.

**Negligence—Personal Injury to Minor Resulting in Prolonged and Perhaps Permanent Lameness—Judgment of $12,500 Held Excessive and a Suggested Reduction of $9,000 or a New Trial Will be Allowed.**

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the rule, *Frank G. Turner.*

*Contra, Francis A. Gordon.*

PER CURIAM.

The plaintiff, a minor, recovered a verdict in the Union Circuit against the defendants for the sum of $12,500, as damages for personal injuries sustained by him through the negligence of the defendants. The father also joined in the action to recover damages from the defendants, sustained by him as a result of the injuries to his son, namely, for loss of services, earnings, &c. The trial judge charged the jury that the father was not entitled to any damages because he did not show any loss of earnings. But no application for a rule to show cause was made on behalf of the father, to have the judge's ruling in that regard reviewed.

An application for a rule to show cause was made, on behalf of the defendants, to Judge Stein, who held the Circuit, why a new trial should not be granted as to the verdict of the infant plaintiff, and this was refused, and thereupon applica-

tion was made to the Supreme Court *en banc,* which tribunal allowed the rule to show cause limiting the rule to the question of damages only.

. We think the verdict' is excessive. At the time of the injury the infant plaintiff was thirteen years old. His left leg was seriously injured. He was four months and a half in the hospital, where he underwent, as a result of his injuries, operations of skin grafting. At the time of the trial he still had a pronounced limp, and stiffness in the knee, and there is testimony to the effect that this trouble will persist permanently. There is also testimony to the effect that· the infant plaintiff, as a result of the scar tissue, will suffer from time to time with ulcers, but that testimony appears to be purely speculative as to their appearing in the future and as to their duration. Unless the plaintiff consents to accept $9,000, the rule to show cause will be made absolute, otherwise the rule will be discharged, with costs.